**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                    **Plaintiff,**<br><br>**vs.**<br><br>**THOMAS E. MOWER, LESLIE D. MOWER, JAMES THOMPSON,**<br><br>                    **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No.  2:02CR787DAK** |

        This matter is before the court on Defendant Thomas E. Mower's Motion for Judgment of Acquittal and New Trial, Defendant Leslie D. Mower's Motion For Judgment of Acquittal, and, in the Alternative, Motion for a New Trial, and Defendant James Thompson's Rule 29 Motion for Judgment of Acquittal.  The court does not believe that a hearing would significantly aid in its determination of these motions.  Therefore, after having carefully considered the memoranda and other materials submitted by the parties, reviewing the transcripts of the trial, and considering the law and facts relating to the motions, the court renders the following Memorandum Decision and Order.

**PROCEDURAL BACKGROUND**

        On April 8, 2003, the United States filed its First Superseding Indictment in this matter charging Defendants Thomas E. Mower, Leslie D. Mower, and James R. Thompson with one count of conspiracy to defraud the Internal Revenue Service in the ascertainment, computation,

assessment and collection of individual and corporate income taxes in violation of 18 U.S.C. §
371.  Defendants Thomas Mower and Leslie Mower were also charged with six counts of tax
evasion relating to their joint individual tax returns for the years 1992 through 1997 in violation
of 26 U.S.C. § 7201.  Defendant James Thompson was charged, in the eighth count, with
obstructing the due administration of the Internal Revenue laws in violation of 26 U.S.C. §
7212(a).

At the conclusion of the government's case, all defendants made motions for judgments
of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.  The court reserved ruling
on the motions.  Defendant Thomas Mower then presented two witnesses in his defense and
rested.  Defendants Leslie Mower and James Thompson presented no witnesses or evidence.  At
the conclusion of the defense case, all Defendants again made motions for judgment of acquittal
under Rule 29.  The court again reserved ruling on the motions and submitted the case to the
jury.  The jury returned guilty verdicts against all Defendants on all counts.  The court then
allowed the parties to brief the present motions for judgments of acquittal and a new trial.

## LEGAL STANDARDS

### I.  Rule 29 Standard for Judgment of Acquittal

Under Rule 29 of the Federal Rules of Criminal Procedure, a motion for judgment of
acquittal may be brought after the government closes its evidence, after the close of all the
evidence, and after a guilty verdict.  Fed. R. Crim. P. 29(a), (c)(1).  The court "must enter a
judgment of acquittal of any offense for which the evidence is insufficient to sustain a
conviction."  Fed. R. Crim. P. 29(a).  "If the court reserves decision, it must decide the motion on
the basis of the evidence at the time the ruling was reserved."  Fed. R. Crim. P. 29(b).

2

> [A] trial judge, in passing upon a motion for directed verdict of
> acquittal, must determine whether upon the evidence, giving full
> play to the right of the jury to determine credibility, weigh the
> evidence, and draw justifiable inferences of fact, a reasonable mind
> might fairly conclude guilt beyond a reasonable doubt.  If he
> concludes that upon the evidence there must be such a doubt in a
> reasonable mind, he must grant the motion; or, to state it another
> way, if there is no evidence upon which a reasonable mind might
> fairly conclude guilt beyond reasonable doubt, the motion must be
> granted.

*Curley v. United States*, 160 F. 2d 229, 232 (D. C. 1947).  The Tenth Circuit has stated that a

court should grant a judgment of acquittal when the evidence of the defendant's guilt is so

meager or nonexistent that no reasonable jury could find him guilty beyond a reasonable doubt.

*United States v. White*, 673 F.2d 299, 301 (10th Cir. 1982).  The court must give the government

all the reasonable inferences consistent with the evidence presented at trial and refrain from

weighing conflicting evidence and considering the credibility of witnesses.  *United States v.*

*Dickey*, 736 F.2d 571, 583 (10th Cir. 1984), *cert. denied*, 469 U.S. 1188 (1985).

## II.  Rule 33 Standard for New Trial

Rule 33 of the Federal Rules of Criminal Procedure permits a court to grant a new trial

"if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  Although a trial court has broader

discretion to grant a new trial pursuant to Rule 33 than to grant a judgment of acquittal pursuant

to Rule 29, the Tenth Circuit disfavors the granting of new trials and states that caution should be

used in granting them.  *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969).  A

motion for a new trial based on the sufficiency of the evidence should be denied if the "evidence

and reasonable inferences drawn therefrom, viewed in a light most favorable to the government,

would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt."  *United*

*States v. Carter*, 130 F.3d 1432, 1439 (10th Cir. 1997).

3

**ANALYSIS**

I.    **Thomas E. Mower's Motion for Judgment of Acquittal and New Trial and Leslie D. Mower's Motion for Judgment of Acquittal, and, In the Alternative, Motion for a New Trial**

    **A.  Judgment of Acquittal**

Thomas Mower moves for a judgment of acquittal on Counts Two, Three, and Seven. Leslie D. Mower moves for a judgment of acquittal on all counts.  Both Defendants, however, misunderstand the standard for a judgment of acquittal.  Defendants merely re-argue their own theory of the case.  Defendants fail to acknowledge the evidence in the government's favor and fail to effectively rebut it.  However, this court must accept and consider all facts that support the government's case and "give full play" to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact.  The court must refrain from weighing conflicting evidence and considering the credibility of witnesses.

Defendants have not met their burden of demonstrating that evidence was so meager or nonexistent that a reasonable jury could not find in the government's favor.  The court has carefully reviewed the trial transcripts and concludes that the evidence presented by the government provides ample support for the government's theory of the case and the jury's guilty verdicts on all counts against the Defendants.  Although Defendants attempt to discredit some of the evidence against them, a reasonable juror could have found, based on the evidence presented in the government's case, that Defendants were guilty beyond a reasonable doubt of conspiring and willfully evading the payment of income taxes.   Therefore, there is no basis for the court to enter a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure for either Defendant Thomas E. Mower or Defendant Leslie D. Mower.

**B.  New Trial**

Both Defendants Thomas E. Mower and Leslie D. Mower move under Rule 33 of the Federal Rules of Criminal Procedure for a new trial on all counts based on the weight of the evidence, the admission of summaries of unreported income, the statute of limitations relating to counts two through five, the admission of evidence regarding $22,000 of cash Thomas and Leslie Mower retained in 1992 from Neways U.S., and the government's alleged constructive amendment of the First Superseding Indictment.

*1.  Weight of the Evidence*

To the extent that Defendants move for a new trial based on the weight of the evidence, their arguments reassert their arguments used to support their motions for judgments of acquittal. Although the standard for a new trial under Rule 33 allows the court to weigh the evidence, all reasonable inference must be drawn in the light most favorable to the government.  Again, considering the evidence in a light most favorable to the government, the court concludes that a reasonable jury could find Defendants guilty beyond a reasonable doubt on all counts. Therefore, Defendants are not entitled to a new trial based on the weight of the evidence.

*2.  Admission of Summaries*

Next, Defendants assert that they are entitled to a new trial because the court's admission of summaries of unreported income tainted the trial by encouraging the jury to speculate as to the nature of the foreign income and shifting the burden of proof to the Defendants.  Defendants contend that there was no evidentiary basis to support the admission of the government's summaries that included monies from Australia and Malaysia as items of unreported income, the summaries were inaccurate and misleading, and that, by including foreign checks in its

summaries, the government was allowed to allege a broader scope of tax violations in the number of counts and the overall amount of alleged unreported income.

Rule 1006 summaries must summarize information which is voluminous, admissible, and available for inspection. *United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir. 1979). Moreover, "[w]hen summaries are used and given to the jury, the court must ascertain with certainty that they are based upon and fairly represent competent evidence already before the jury." *United States v. Conford*, 336 F.2d 285, 287-88 (10th Cir. 1964).

In this case, each specific item of unreported income on the summaries is cross-referenced to at least one government exhibit–a bonus history, bank statement, check, or wire transfer–that was admitted through testimony or stipulation during the government's case in chief. Furthermore, the court does not believe that the characterizations of the evidence was prejudicial or misleading to the jury. Therefore, the court concludes that the summaries were properly admitted and do not provide a basis for granting a new trial as requested by both Defendants or for a judgment of acquittal as requested by Defendant Leslie D. Mower.

*3. Statute of Limitations*

Defendant Leslie D. Mower seeks a new trial on the ground that counts two through five are barred by the statute of limitations. Count two is the 1992 personal return filed on October 15, 1993, Count three is the 1993 personal return filed on April 12, 1994, Count four is the 1994 personal return filed on April 14, 1995, and Count five is the 1995 personal return filed on April 15, 1996. The court ruled on a similar pretrial motion that these counts were not barred by the statute of limitations.

Under 26 U.S.C. § 7201, "Any person who willfully attempts in any manner to evade or

6

defeat any tax imposed by this title or the payment thereof shall . . . be guilty of a felony."  "A

tax evasion prosecution must be commenced within six years after the commission of the

offense."  *United States v. Payne*, 978 F.2d 1177, 1178-79 (10th Cir. 1992).  The essential

elements of a Section 7201 violation for attempted tax evasion are (1) the existence of a

substantial tax deficiency; (2) an affirmative act constituting an evasion or attempted evasion of

the tax; and (3) willfulness.  *Id.* at 1178.

In *United States v. Anderson*, 319 F.3d 1218 (10th Cir. 2003), the Tenth Circuit decided

that "[w]hen a taxpayer commits a series of evasive acts over several years after incurring a tax

liability, the statute of limitations for tax evasion begins to run on the date of the last evasive

act."  319 F.3d at 1219.  The *Anderson* court determined that where the defendant had filed an

earlier tax return in 1992 and continued to file tax returns through 1996 in which the defendant

denied having an interest in a foreign bank account that he could be charged with tax evasion

under Section 7201 under an indictment filed in March 1999.  The court reasoned that the

defendant had committed a "series of evasive acts over several years" and the statute of

limitations did not run until the date of the last evasive act.  *Id.* at 1219. The *Anderson* court was

concerned that if the statute of limitation began running before the last affirmative act of evasion,

it "would only reward a defendant for successfully evading discovery of his tax fraud for a

period of six years subsequent to the date the returns were filed."  *Id.* at 1220.

In this case, there was sufficient evidence of affirmative acts of evasion relating to

Counts two through five that were committed subsequent to the filing of the original individual

tax returns.  Defendants filed amended corporate tax returns for Neways US within the statute of

limitations.  Moreover, the jury was specifically instructed that it had to find an affirmative act of

evasion as to each count by Thomas E. Mower and Leslie D. Mower within six years of the date of the original Indictment.

Defendant Leslie D. Mower also argues that the statute of limitations barred the government from introducing evidence that she failed to report $22,000 in cash from Neways U.S. on her 1992 tax return.  However, this evasion is merely a part of Count 2 because each tax year, not each specific item of income, is a separate offense.  The $22,000 is simply one portion of income that was not reported in 1992.  As long as an affirmative act of evasion relating to the 1992 tax year occurred within the six-year statute of limitations, the statute of limitations could not bar the introduction of evidence regarding the $22,000 in unreported cash.  Therefore, the court concludes that the statute of limitations does not provide a basis for a new trial.

   *4.  Evidence of $22,000 cash from Neways U.S.*

Defendant Leslie D. Mower argues that the government improperly asserted for the first time at trial that the Mowers retained $22,000 in cash from Neways U.S. and that such actions constituted tax evasion by them in 1992.  Defendant contends that the government should be bound by its statements that the evasion was based on commission income and the $22,000 was not commission income.

However, count two of the Indictment charged the Mowers' with willfully attempting to evade and defeat income tax due and owing to the United States of America for the tax year 1992 by committing various affirmative acts of evasion.  One of the affirmative acts of evasion was the filing of a false and fraudulent 1992 tax return which understated their true income and tax due and owing.  The Indictment also contemplates other forms of proof by stating that the affirmative acts were "including, but not limited to" those acts specified.  The government was

not bound by the specific acts alleged in the Indictment.

Furthermore, there is no evidence that Defendant Leslie D. Mower was surprised at trial by the government's introduction of evidence regarding the $22,000.  The government asserts that the Indictment referred to the Kent Walls audit and she was provided with materials regarding his audit as far back as January 3, 2003.  Therefore, the court concludes that Defendants are not entitled to a new trial based on the introduction of evidence regarding the $22,000 in cash from Neways U.S.

     *5.  Constructive Amendment of Indictment*

Defendants assert that the government introduced a new theory at trial regarding the diversion of corporate income and that the new theory was an impermissible constructive amendment of the Indictment because it broadened the bases for conviction beyond those charged in the First Superseding Indictment.  "An indictment is constructively amended if the evidence presented at trial, together with the jury instructions, raises the possibility that the defendant was convicted of an offense other than that charged in the indictment."  *United States v. Apodaca*, 843 F.2d 421, 428 (10th Cir.), *cert. denied*, 488 U.S. 932 (1988).

There is no evidence in this case that the Defendants were convicted on a set of facts distinctly different from that set forth in the First Superseding Indictment.  The government consistently asserted that the commission checks from Australia, Malaysia, and the United States were the Mowers' income and not the corporation's income.  The characterization of the commissions as corporate or personal is legally irrelevant to the ultimate facts of whether the Mower's exercised complete and personal dominion and control over it and thus realized personal income.  The evidence presented by the government proved that the commissions were

ultimately the Mower's income.  Therefore, the court concludes that there was no fatal variance

or constructive amendment of the First Superseding Indictment based on the evidence or theories

argued by the government at trial.  Accordingly, there is no basis for granting a new trial as to

Defendant Thomas E. Mower or Defendant Leslie D. Mower and their respective motions are

denied.

## II.    Defendant James Thompson's Rule 29 Motion for Judgment of Acquittal

Defendant Thompson seeks a judgment of acquittal under Rule 29 of the Federal Rules of

Criminal Procedure on the grounds that there was insufficient evidence to sustain a conviction of

conspiracy, the conspiracy count is barred by the statute of limitations, the evidence is

insufficient to sustain a conviction of corruptly endeavoring to obstruct the I.R.S., and the

obstruction count is barred by the statute of limitations.

### A.  Conspiracy Count

*1.  Sufficiency of the Evidence*

Defendant Thompson claims that he cannot be convicted of Count One because there is

no evidence of his involvement with the Mowers' tax preparation, payroll, or tax filings.

However, a defendant may become a member of a conspiracy by agreeing to a minor role so long

as he understands the essential nature of the scheme and intentionally joins in it.  *United States v.*

*.Andrews*, 953 F.2d 1312, 1318 (11th Cir. 1992).  Similarly, a defendant may become a member

of a conspiracy without knowing all of the details of the unlawful scheme.  *Blumenthal v. United*

*States*, 332 U.S. 539, 557 (1947).

Considering the evidence in this case in a light most favorable to the government, the

court concludes that a reasonable jury could conclude that Defendant Thompson was aware of

10

the purpose of the conspiracy and knowingly joined it.  For example, there was evidence that

Defendant Thompson knew that the IRS was investigating the Mowers with respect to

unreported income, he knew that the funds used to purchase Hobble creek property were

distributorship payments, he knew there was no evidence to support the existence of a loan from

Neways Australia to the Mower Family Trust, he created false loan documents, backdated the

false loan document, made the document available to present to IRS Special Agent Elder during

the March 31, 1997 meeting, and made false and misleading statements to IRS Special Agent

Elder on April 4 and 8, 1997.

This evidence also demonstrates that Defendant Thompson committed overt acts in

furtherance of the conspiracy.  An overt act is any act done by any member of the conspiracy for

the purpose of carrying out the object of the conspiracy.  *United States v. Falcone*, 311 U.S. 205,

210 (1940).  Defendant Thompson created a false loan document, passed it IRS Special Agent

Elder, and made misleading telephone calls to IRS Special Agent Elder on April 4 and 8, 1997.

Therefore, the evidence demonstrates the reasonableness of the jury's verdict against Defendant

Thompson.  Therefore, the sufficiency of the evidence does not provide a basis for a judgment of

acquittal on the conspiracy count.

### 2. *Statute of Limitations*

Defendant Thompson argues that the conspiracy count is barred by the statute of

limitations.  The statute of limitations for conspiracies to defraud the United States pursuant to

18 U.S.C. § 371 is six years.  26 U.S.C. § 6531(1).  The statute of limitations begins to run on the

date of the last overt act in furtherance of the conspiracy.  *Grunewald v. United States*, 353 U.S.

391, 396-97 (1957).  In this case, the jury was instructed that "with respect to defendant James

Thompson, you must unanimously agree on an overt act committed by a conspirator in furtherance of the conspiracy on or after April 8, 1997," which would constitute an act within six years of the First Superseding Indictment.

In this case, the jury could have reasonably found that James Thompson's telephone message to IRS Special Agent Elder was an overt act in furtherance of the conspiracy.  The jury could have found that Defendant Thompson's message was intended to stop the investigation by expressly seeking to avoid complying with burdensome summonses.  IRS Special Agent Elder testified that his impression of the messages was that Defendant Thompson was that they had given him everything and he did not need to go any further.  A reasonable jury also could have determined that the telephone message was in furtherance of the conspiracy and not merely an attempt to cover up the conspiracy.  Therefore, the court concludes that the conspiracy count is not barred by the statute of limitations and Defendant's motion for judgment of acquittal on the conspiracy count is denied.

### B. Obstruction Count

*1. Sufficiency of the Evidence*

Defendant claims that the government did not present sufficient evidence that he corruptly endeavored to obstruct or impede the due administration of the IRS.  Based on the evidence discussed above, the court concludes that the government presented sufficient evidence at trial for a reasonable jury to conclude that Defendant Thompson corruptly endeavored to obstruct and impede the due administration of the IRS when he assisted in the presentation of a false loan document and made telephone calls to IRS Special Agent Elder in order to cover up the Mowers' receipt of commission income.  Defendant Thompson knew that the IRS was

12

investigating the Mower's income when he took such actions and that his actions would impact the IRS' investigation.  Therefore, there is no basis for a judgment of acquittal based on the sufficiency of the evidence.

    *2. Statute of Limitations*

The statute of limitations for a violation of 26 U.S.C. § 7212(a) runs six years from the last act constituting a corrupt endeavor to obstruct and impede the due administration of the IRS.  Again, the jury was instructed that it had to unanimously agree that an act of obstruction had to occur on or after April 8, 1997.  As stated above, the jury could have concluded that the telephone message James Thompson left for IRS Special Agent Elder on April 8, 1997, was an act to obstruct or impede the due administration of the IRS.  Therefore, the court concludes that there is no basis for a judgment of acquittal as to Count 8.  Accordingly, Defendant Thompson's motion is denied.

## CONCLUSION

Based on the above reasoning, Defendant Thomas E. Mower's Motion for Judgment of Acquittal and New Trial is DENIED, Defendant Leslie D. Mower's Motion For Judgment of Acquittal, and, in the Alternative, Motion for a New Trial is DENIED, and Defendant James Thompson's Rule 29 Motion for Judgment of Acquittal is DENIED.

DATED this 19th day of August, 2005.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge

13